UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FATIMA GASIO, individually, and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>TARGET CORPORATION; and DOES 1 through 10, inclusive,<br><br>　　　　　　　Defendants. | No. 2:14-CV-2214-DMG-MAN<br><br>**PROTECTIVE ORDER ENTERED PURSUANT TO THE PARTIES' STIPULATION** |

　　　　Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Joint Stipulation for Protective Order ("Stipulation") filed on May 15, 2014, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been substantively modified by the Court's amendment of paragraphs 2, 11(h), and 13 of the Stipulation.

　The parties are expressly cautioned that the designation of any information, document, or thing as CONFIDENTIAL, or other designation(s) used by the parties, does not, in and of itself, create any entitlement to file such information, document, or thing, in whole or in part, under seal.  Accordingly, reference to this Protective Order or to the parties'

designation of any information, document, or thing as CONFIDENTIAL, or other designation(s) used by the parties, is wholly insufficient to warrant a filing under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. The parties' mere designation of any information, document, or thing as CONFIDENTIAL, or other designation(s) used by parties, does not -- **without the submission of competent evidence, in the form of a declaration or declarations, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable** -- constitute good cause.

Further, if sealing is requested in connection with a dispositive motion or trial, then compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See* Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. **Again, competent evidence supporting the application to file documents under seal must be provided by declaration.**

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

Notwithstanding any other provision of this Protective Order, in the event that this case proceeds to trial, all information, documents, and things discussed or introduced into evidence at trial will become public and available to all members of the public, including

1 the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

2 **THE PARTIES ARE DIRECTED TO REVIEW CAREFULLY AND ACT IN COMPLIANCE WITH ALL ORDERS ISSUED BY THE HONORABLE DOLLY M. GEE, UNITED STATES DISTRICT JUDGE, INCLUDING THOSE APPLICABLE TO PROTECTIVE ORDERS AND FILINGS UNDER SEAL.**

6 ///
7 ///
8 ///
9 ///
10 ///
11 ///
12 ///
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

# AGREED TERMS OF THE PROTECTIVE ORDER AS ADOPTED AND MODIFIED BY THE COURT[1]

Pursuant to Rule 26, Federal Rules of Civil Procedure, plaintiff Fatima Gasio and defendant Target Corporation ("Target") (collectively, the "Parties"), acting by and through their attorneys of record, **have** stipulate**d** to the Court's **entry of** the following Protective Order in this action:

## Recitals

A. Target contends that at least some of the documents, testimony, and other information being sought from Target through discovery in this action contain private, trade secret, or other confidential information (including but not limited to personnel, research, technical, cost, price, marketing, or other commercial information), as contemplated by Rule 26(c)(1)(G), Federal Rules of Civil Procedure, and California Civil Code section 3426.1.

B. The purpose of this Protective Order is to protect the confidentiality, if any, of such documents and information as much as practical during the litigation. Accordingly, the Parties **have** stipulate**d** to, and petition**ed** the Court to enter, the following Protective Order. The Parties **have** acknowledge**d**, as set forth in Section 14, below, that this Protective Order creates no entitlement to file material under seal; Local Rule 79-5, the Court's procedures and schedules, **and this Protective Order** set forth the procedures that must be followed and reflects the standards that shall be applied when a party seeks permission from the Court to file material under seal.

Based on these recitals, the Parties agree as follows:

## Definitions

1. "Action" refers to the case entitled *Gasio v. Target Corp.*, United States District Court, Central District of California Case No. 2:14-CV-2214-DMG-MAN.

2. "Discovery Materials" includes, but will not be limited to: documents;

---

[1] The Court's substantive modifications of the agreed terms of the Protective Order are generally indicated in bold typeface.

1  correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other
2  material that identify customers or potential customers; price lists or schedules or other
3  matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks;
4  contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk
5  diaries; appointment books; expense accounts; recordings; photographs; motion pictures;
6  compilations from which information can be obtained and translated into reasonably
7  usable form through detection devices; sketches; drawings; notes (including laboratory
8  notebooks and records); reports; instructions; disclosures; other writings; models,
9  prototypes and other physical objects; responses to interrogatories, responses to requests
10 for admissions, deposition testimony, transcripts of deposition testimony, and other
11 discovery responses; data, summaries, and compilations derived therefrom, and any other
12 items or information, regardless of the medium or manner generated, stored, or
13 maintained (including, among other things, documents, electronic data, testimony,
14 transcripts, or tangible things) that are produced or generated in disclosures or responses
15 to discovery in this Action.

16    3.    "Confidential Information" means and includes non-public information
17 contained or disclosed in any Discovery Materials that the producing party contends
18 constitutes private, trade secret, or other confidential information (including but not
19 limited to personnel, research, technical, cost, price, marketing or other commercial
20 information), as contemplated by Rule 26, Federal Rules of Civil Procedure, and
21 California Civil Code section 3426.1.

22    4.    "Counsel" means:
23    a.    outside counsel of record, and other attorneys, paralegals, secretaries,
24    and other support staff employed in the law firms of Rastegar Law
25    Group APC and Paul Hastings LLP; and
26    b.    in-house attorneys, paralegals, legal secretaries, and other legal
27    support staff for Target.
28 ///

## General Rules

5. Each party to this litigation that produces or discloses any Discovery Materials that the producing party believes contain Confidential Information may designate the same as "CONFIDENTIAL."

6. Any party may designate Discovery Materials as "CONFIDENTIAL" only if, in the good-faith belief of such party and its Counsel, the unrestricted disclosure of the Confidential Information in such materials could be prejudicial to the privacy interests, business, or operations of such party or third parties.

7. Each party that designates Discovery Materials for protection under this Protective Order must take care to limit any such designation to specific materials that qualify under this Protective Order. The designating party must designate for protection only those parts of Discovery Materials that qualify so that other portions of the Discovery Materials for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to have been clearly unjustified and made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on another party) may expose the designating party to sanctions.

8. In the event the producing party elects to produce Discovery Materials for inspection, no marking need be made by the producing party in advance of the initial inspection. Thereafter, upon selection of specified Discovery Materials for copying by the inspecting party, the producing party will mark "CONFIDENTIAL" the copies of any such materials that are considered Confidential Information in the good-faith belief of the producing party and its Counsel.

9. Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information:

    a. said deposition or portions thereof will be designated as containing Confidential Information subject to the provisions of this Protective

Order; such designation will be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; a party will have until fifteen (15) days after receipt of the deposition transcript to inform the other party or parties to the Action of the portions of the transcript designated "CONFIDENTIAL";

b. the disclosing party will have the right to exclude from attendance at said deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, Counsel (including their staff and associates), the court reporter, the videographer (if any) and the person(s) agreed upon pursuant to paragraph 10 below; and

c. the originals of said deposition transcripts and all copies thereof will bear the legend "CONFIDENTIAL," as appropriate, and the original or any copy ultimately presented to a court for filing will not be filed unless it can be accomplished under seal, identified as being subject to this Protective Order, and protected from being opened except by order of this Court.

10. All Discovery Materials designated as "CONFIDENTIAL" will not be disclosed by the receiving party to anyone other than those persons designated herein and will be handled in the manner set forth below and, in any event, will not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the Parties, or by order of the Court.

11. Unless otherwise ordered by the Court or permitted in writing by the designating party, Discovery Materials designated "CONFIDENTIAL" will be viewed only by Counsel of the receiving party and by the additional individuals listed below:

a. any individual who is a party as of the date of entry by the Court of this Protective Order;

      b. independent experts or consultants retained by any party, provided each such individual has read this Protective Order in advance of disclosure and has executed a copy of the form attached hereto as Exhibit A;

      c. executives who are required to participate in policy decisions with reference to this Action;

      d. technical personnel of the Parties with whom Counsel find it necessary to consult, in the discretion of such Counsel, in preparation for trial of this Action;

      e. stenographic and clerical employees associated with the individuals identified above;

      f. during the course of a deposition, any person whose deposition is being taken and who has been provided with and has read this Protective Order in advance of disclosure and has executed a copy of the form attached hereto as Exhibit A;

      g. any person indicated on the face of the document to be its originator, author or a recipient of a copy thereof;

      h. any person testifying at a **deposition, in a hearing conducted in, or at the trial** of the Action;

      i. the Court and its personnel;

      j. a discovery referee, if one is appointed by the Court; and

      k. any court reporter acting in that capacity in the Action.

12. All Discovery Materials that have been designated as "CONFIDENTIAL" by the producing or disclosing party, and any and all reproductions thereof, will be retained in the custody of the Counsel for the receiving party, except that independent experts authorized to view such information under the terms of this Protective Order may retain custody of copies such as are necessary for their participation in this litigation.

13. Before any Discovery Materials that are designated as Confidential

Information are filed with the Court for any purpose, the party seeking to file such materials will **file an application with** the Court to file the materials under seal pursuant to Local Rule 79-5.1, the Court's procedures and schedules, **and this Protective Order**.

14. At any stage of these proceedings, any party may object to a designation of Discovery Materials as Confidential Information. The party objecting to confidentiality will notify, in writing, Counsel for the designating party of the objected-to Discovery Materials and the grounds for the objection pursuant to Local Rule 37-1. If the dispute is not resolved consensually between the Parties within ten (10) business days of receipt of such a notice of objections, the Parties shall formulate a written stipulation of the dispute pursuant to Local Rule 37-2 and move the Court for a ruling on the objection. The Discovery Materials at issue will be treated as Confidential Information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved. The designating party shall bear the burden of proof as to the confidentiality of Discovery Materials.

15. Absent judicial relief, all Confidential Information will be held in confidence by those inspecting or receiving it, and it will be used only for purposes of this Action. Counsel for each party, and each person receiving Confidential Information, will take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this Protective Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

16. No party will be responsible to another party for disclosure of Confidential Information under this Protective Order if the information in question is not labeled or otherwise identified as such in accordance with this Protective Order.

17. If a party, through inadvertence, produces any Discovery Materials

containing Confidential Information without labeling or marking or otherwise designating them as such in accordance with this Protective Order, the designating party may give written notice to the receiving party that the Discovery Materials are deemed Confidential Information, and that the Discovery Materials should be treated as such in accordance with this Protective Order. The receiving party must treat the Discovery Materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the Discovery Materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the Parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced Discovery Materials "CONFIDENTIAL."

18. Nothing herein will prejudice the right of any party to object to the production of any Discovery Materials on the grounds that the materials are protected as privileged or as attorney work product.

19. Nothing in this Protective Order will bar Counsel from rendering advice to their client(s) and, in the course thereof, relying on any Discovery Materials designated as Confidential Information, provided that the contents of the materials are not disclosed.

20. This Protective Order will be without prejudice to the right of any party to oppose production of any Discovery Materials for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Protective Order will not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

21. Nothing herein will be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

22. Upon final termination of this Action, including any and all appeals, Counsel for each party will, upon request of the producing party, return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries thereof, or will destroy same at the option of the receiving party, and will purge all such information from all machine-readable media on which it resides.

Notwithstanding the foregoing, Counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Protective Order with respect to all such retained information. Further, attorney work product that contains Confidential Information need not be destroyed, but, if it is not destroyed, the person in possession of the attorney work product will continue to be bound by this Protective Order with respect to all such retained information.

23. The restrictions and obligations set forth herein will not apply to any Discovery Materials that:

    a. the Parties agree should not be designated Confidential Information;

    b. the Parties agree, or the Court rules, already are within public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Protective Order; or

    c. have come or will come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

24. The restrictions and obligations herein will not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession thereof.

25. The Court and its personnel shall be exempt from any liability arising from this Protective Order.

26. Transmission by facsimile or email is acceptable for all notification purposes in this Protective Order.

27. This Protective Order may be modified by agreement of the Parties, subject to approval by the Court.

28. The Court may modify the terms and conditions of this Protective Order for good cause, or in the interest of justice, or on its own order at any time in the proceedings

1  in this Action.  The Parties **have expressed their** preference that the Court provide them
2  with notice of the Court's intent to modify this Protective Order and the content of those
3  modifications, prior to entry of such an order.
4  **IT IS SO ORDERED.**
5  Dated:  June 10, 2014

   _____
                MARGARET A. NAGLE
            UNITED STATES MAGISTRATE JUDGE

1
2  **EXHIBIT A**
3
4
5
6
7
8
9
10
11             UNITED STATES DISTRICT COURT
12             CENTRAL DISTRICT OF CALIFORNIA
13

| | |
|---|---|
| FATIMA GASIO, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TARGET CORPORATION; and DOES 1 through 10, inclusive,<br><br>Defendants. | No. 2:14-CV-2214-DMG-MAN<br><br>**JOINT STIPULATION FOR PROTECTIVE ORDER**<br><br>Fed. R. Civ. P. 26(c)<br><br>Courtroom: 7, 312 N. Spring St., Los Angeles<br>Judge: Hon. Dolly M. Gee |

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LEGAL_US_W # 78313649.5

U.S.D.C., C.D. Cal., No. 2:14-CV-2214-DMG-MAN

I, _____, declare that:

1. I am employed as _____ by _____.

2. I have read the Protective Order entered in *Gasio v. Target Corporation*, United States District Court, Central District of California Case No. 2:14-CV-2214-DMG-MAN, and I have received a copy of the Protective Order.

3. I promise that I will use any and all Confidential Information, as defined in the Protective Order, given to me only in a manner authorized by the Protective Order, and only to assist Counsel in the litigation of this matter.

4. I promise that I will not disclose or discuss such Confidential Information with anyone other than the persons described in paragraph 11 of the Protective Order.

5. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the U.S. District Court for the Central District of California with respect to enforcement of the Protective Order.

6. I understand that any disclosure or use of Confidential Information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Dated: _____.

_____